J-A26038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARNEY | : | |
| | : | |
| Appellant | : | No. 2999 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 26, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002644-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARNEY | : | No. 3105 EDA 2022 |
| | : | |
| Appellee | : | |

Appeal from the Judgment of Sentence Entered July 26, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002644-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

DISSENTING MEMORANDUM BY DUBOW, J.:       **FILED AUGUST 16, 2024**

I agree with the Majority's analysis of most of the issues presented in these cross-appeals. I, however, find that the trial court erred in failing to give a Mistake of Fact jury instruction for Sexual Assault, Attempted Sexual Assault, Indecent Assault and Aggravated Indecent Assault charges (collectively referred to as "Sexual Assault Charges") because an element of

those charges involves consent, which could impact a determination of Appellant's intent to engage in sexual activity without the Victim's consent. Accordingly, I would grant Appellant a new trial on the Sexual Assault Charges.

To be clear, I am not finding that a jury in this case should find that Appellant made a mistake of fact regarding the victim's consent; my analysis is limited to the legal principle that since "consent" is an element of the Sexual Assault Charges, a jury should have the opportunity to decide whether a defendant, who reasonably makes a mistake that the complainant consented to the sexual activity, did not have the necessary intent to commit the sexual assault.[1]

**A.**

"In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision." *Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted). A defendant is entitled to a requested instruction when the reason for the instruction is supported by the evidence. *Commonwealth v. Markman,* 916 A.2d 586, 607 (Pa. 2007). This Court has held that where a defendant "presents evidence that supports his claimed defense, *regardless of whether the facts are as he*

---

[1] I agree with the Majority that the trial court correctly denied Appellant's request for a Mistake of Fact Jury Instruction for the Simple Assault charge because "consent" is not an element of that charge.

- 2 -

*believes them to be*, he is entitled to the jury instruction he requested." ***Commonwealth v. Hamilton***, 766 A.2d 874, 880–81 (Pa. Super. 2001)(internal citations omitted; emphasis added).

Section 304 of our Crimes Code provides, in relevant part, "[i]gnorance or **mistake as to a matter of fact**, for which there is reasonable explanation or excuse**, is a defense if** … the ignorance or **[the] mistake negatives the intent,** knowledge, belief, recklessness, or negligence required to establish a material element of the offense[.]" 18 Pa.C.S. § 304(1)(emphasis added).

Our standard jury instructions provide the following suggested instruction in cases where a defendant presents evidence that could support a mistake of fact instruction:

> In a case where the mistake of fact or ignorance is raised, [the jury] must decide whether there was such a mistake or lack of awareness of a fact, whether that mistake or ignorance was reasonable under circumstances, and whether that mistake or ignorance shows that one of the elements of the crime charges was not proved beyond a reasonable doubt.

8.304 IGNORANCE OR MISTAKE, Pa. SSJI (Crim), § 8.304 (May 2016).

> In the context of this case, a jury determination is important because:

> 4. To overcome this defense, the prosecution must prove, beyond a reasonable doubt, one of the following: (1) that the defendant did not have that mistaken belief [or that the defendant was not ignorant of the fact], (2) that the mistaken belief [or the ignorance of the fact] was not reasonable, or (3) that the mistake [or ignorance of a fact] did not prevent or eliminate the required element of [lack of consent].

***Id***.

We have found no case law that addresses whether a trial judge should instruct a jury regarding Mistake of Fact for sexual offenses that involve an element of consent. To the extent that a court has addressed the issue, the Superior Court has held that a defendant is not entitled to a Mistake of Fact charge for a rape charge because one of the elements of a Rape charge is forcible compulsion, an element for which a defendant could not have a mistake of fact. **Commonwealth v. Williams,** 439 A.2d 765 (Pa. Super. 1982); **Commonwealth v. Fisher,** 721 A.2d 1111 (Pa. Super. 1998). That reasoning would not apply to a sexual assault charge that involves "consent" because in such a case, a defendant could provide evidence that he reasonably believed that the complainant consented to the sexual activity and this mistake would "negative the defendant's intent" to engage in the sexual activity without the complainant's consent.

In this case, Appellant asserts that he presented sufficient evidence regarding the victim's behavior before and during the incident, such that he was entitled to a Mistake of Fact instruction to negate "the state of mind required for conviction" for the Sexual Offenses. Appellant's Br. at 48. In other words, Appellant argues that the jury should have considered whether he made a mistake of fact regarding the victim's consent and if so, that mistake of fact would negate his intent to engage in the sexual activity without the victim's consent. I agree.

The Sexual Assault Charges for which I would find that the trial court erred in not charging the jury with a mistake of fact instruction are as follows because each requires the Commonwealth to prove that the defendant engaged in the sexual activity without the complainant's consent:

- Sexual Assault as "a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant **without the complainant's consent**." 18 Pa.C.S. § 3124.1 (emphasis added).

- Attempted Sexual Assault as an attempt, with intent to engage in sexual intercourse or deviate sexual intercourse with a complainant **without the complainant's consent** and he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S. §§ 901, 3124.1 (emphasis added).

- Aggravated Indecent Assault occurs as "penetration, however, slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures . . . if: (1) the person does so **without the complainant's consent**[.] 18 Pa.C.S. § 3125(a)(1) (emphasis added).

- Indecent Assault as "indecent contact with the complainant, [that] causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . does so **without the complainant's consent,** by threat of forcible compulsion [or] . . .the complainant is . . . unconscious or the person knows that the complainant is unaware that the indecent contact is occurring[.]" 18 Pa. C.S. § 3126(a)(1, 3, -4) (emphasis added).

At trial, Appellant presented evidence to support his defense that he made a mistake of fact when he concluded that the victim consented to his sexual advances. In particular, Appellant testified about the events that led to the sexual activity as well as his observation that the victim opened the shower curtain and began "grabbing [his] penis and kissing [his] neck[.]" *Id*. at 176. Appellant further testified that the victim then came down on top of me and we started to make out." *Id*. The victim "was thrusting herself against my body . . . [g]rinding against my body." *Id*. at 177. He further testified that it was in response to the victim's actions that he "fingered" her. *Id*. He also noted that the victim was "moaning on top of [him] trying to arouse herself[.]" *Id*. at 178.

Similarly, Appellant's wife, Dr. Nicole Carney, also provided testimony from which a jury could infer that Appellant made a mistake of fact regarding whether the victim consented to the sexual activity. For example, Appellant's wife testified that when she opened the door to the men's locker room, she heard moaning and saw Appellant and the victim, sitting on the bench in the shower stall. The victim was sitting on top of Appellant kissing his neck and moving against him. *Id*. at 211. She further testified that she left and when she returned a second time shortly thereafter, the victim "was doing the same thing as when I walked in the first time. She was physically grinding on top of his lap" with her face turned into his neck, "I assume kissing it." *Id*. at 212.

Since Appellant presented evidence to support his defense that he made a "mistake of fact" regarding the victim's consent to the sexual activity and thus, presented evidence to "negate" his intent to engage in sexual activity without the victim's consent, the trial court erred as a matter of law in not charging the jury with a Mistake of Fact Instruction for the Sexual Assault Charges. I would vacate the sentence and grant Appellant a new trial on the Sexual Assault Charges.